## PERRIN v. GRIFFITH *et al.*

1. SCHOOL LANDS: PRE-EMPTION. A right to pre-empt school lands belonging to the 500,000 acre grant is not expressly given by the language of § 1070 of the Code of 1851; neither can such right be implied from the language employed therein.

*Appeal from Butler District Court.*

TUESDAY, APRIL 15.

FOR the facts see the opinion of the court.

*Fletcher* and *Bannon* for the appellant.

*J. O. Crosby* for the appellee.

BALDWIN, C. J.—The respondent Griffith, as the School Fund Commissioner of Butler county, sold to Robert T. Crowell *et al.* a portion of the land known as the 500,000 acres land grant, and for the land thus sold the purchaser received from the State of Iowa a deed made in accordance with the law.

The complainant asks that this sale may be set aside, the deed canceled, and an order or decree of court be made permitting him to purchase the said tract of land at $1.25 per acre. The complainant claims that he had made certain improvements upon this land prior to its selection by the agents of the state under the said land grant, and that by virtue of the law in force when such selection was made,

he had a right to claim and preëmpt the same at $1.25 per acre; that the respondents were well advised of his claim to said land; that they, intending to defraud the complainant out of his right to purchase the said claims, procured an order from the Superintendent of Public Instruction, directing the said Commissioner to sell said land to the respondents; that the sale was so made without notice and without regard to the rights of the complainant.

The respondents answer, and each deny the allegations of fraud; deny the right of complainant to preëmpt any portion of said land; claim that the sale was made in compliance with the provisions of the law. The respondents, Crowell and others, further claim that if said land subject to preëmption, and that if improvements thereon, and occupancy, give to such occupant any prior rights to purchase said land, that the respondents are entitled to preëmpt the same, as it is claimed that they had a preëmption thereon prior in time to that of the complainant. The cause was determined in the court below in favor of respondents, the bill dismissed, and complainant appeals.

The controlling question in the case is, whether there is any provision of the statute recognizing the right of persons to preëmpt any portion of this land grant, for unless such right is given by some special statutory enactment, it is conceded that none exists. The provisions of the law in reference to the selection and sale of this land grant are embraced in the act of the Legislature Session, Laws of 1848. See Code, pp. 168 and 169. By § 1070, it is provided that the Superintendent of Public Instruction may authorize the sale of any portion of said land at any rate he may determine, not less than the minimum price fixed thereon by the selecting agent, upon *the terms* prescribed in the act of February, 1847, entitled "An Act to provide for the management and disposition of the school fund."

The act of 1847 clearly recognizes the right of settlers upon the sixteenth sections to preëmpt the land upon which their improvements are located. It is claimed in argument that the provisions of the act of 1848 (§ 1070 of the Code), authorize the disposition of the 500,000 acre grant in the same manner as that of the sixteenth section, and that if preëmptions are allowed upon the latter they are upon the former, if not in express terms, at least by implication.

Under the act of 1847, in reference to the sixteenth section, after directing the manner in which the land shall be sold, *the terms* upon which such sales shall be made are fixed by the express language of the act,—that is, one-fourth of the purchase money must be paid down, and the balance upon time, at interest.

Under the act in reference to the 500,000 acre grant, the manner in which the sale should be made is pointed out. That is, it is to be sold by order of the superintendent, &c., as above stated; but such lands must be sold upon the *same terms* as fixed for the sale of the sixteenth section. *Terms*, as here used, refers to the price and time of payment, and not to the manner of sale. No right to preëmpt is expressly given by this statute, and we cannot conceive how it can be implied from the language used.

Even if such right existed we are unable to determine that the claim of the complainant was prior to that of the respondents. The testimony upon this point is very voluminous, and after a careful inspection of the same, we think the respondents show equally as good if not a better right to preëmpt the land than the complainant.

The fraud charged is not supported by the proof.

The judgment is, therefore,

Affirmed.